**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANDREW QUINN,

        Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE - FEDERAL
BUREAU OF INVESTIGATION, et al.,

        Defendants.

Case No. 23-cv-2299-JWB-TJJ

## ORDER GRANTING MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES

Plaintiff Andrew Quinn, proceeding *pro se,* filed this action against the United States Department of Justice – Federal Bureau of Investigation and Justice Department Office of Civil Rights alleging violation of his civil rights.[1] This matter comes before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor."[2] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section

---

[1] Compl. at 3 (ECF No. 1).

[2] 28 U.S.C. § 1915(a)(1).

1915 lies within the "wide discretion" of the trial court.[3]

Based on the information contained in his Affidavit of Financial Status (ECF No. 3-1), Plaintiff has shown a financial inability to pay the required filing fee. Plaintiff currently is not and has not been employed, and he claims $0 in income and lists no assets.[4]  The Court finds Plaintiff has shown he has insufficient financial resources to pay the filing fee and he should be allowed to proceed *in forma pauperis* in his action.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[5] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[6] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[7] In this case, a pre-service review is appropriate as it appears Plaintiff's Complaint fails to state a claim on which relief may be granted and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is GRANTED, but service of summons and the Complaint upon Defendants shall be withheld pending further order of the Court.

---

[3] *Lister v. Dept. of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004)).

[4] Aff. Fin. Stat. at 2, ECF No. 3-1.

[5] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[6] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[7] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A copy of this Order shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated July 12, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge